IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
IN THE WESTERN DIVISION
CIVIL ACTION NO. 7:25-CV-01185-FL

| | |
|---|---|
| JASON HEWETT, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>  Plaintiff,<br><br>v.<br><br>INNOVATIVE TAX RELIEF LLC,<br><br>  Defendant. | **ANSWER AND RESPONSE TO COMPLAINT** |

## ANSWER

NOW COMES the Defendant, Innovative Tax Relief LLC, by and through undersigned counsel and hereby responds to the allegations of the Plaintiff's Complaint as follows:

1. It is admitted that the allegations of Paragraph 1 appear to reference a written public law and statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, the allegations are denied as the allegations do not assert facts which require a response.

2. It is admitted that the allegations of Paragraph 2 appear to reference a written regulation and court opinion that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, the allegations are denied.

3. The allegations contained in Paragraph 3 are denied.

### PARTIES

4. The allegations contained in Paragraph 4 are denied due to lack of knowledge or information.

5. It is admitted that the Defendant is a Florida based company that provides services related to taxes. Except as expressly admitted, denied.

**JURISDICTION AND VENUE**

6. The allegations reference written statutes that speak for themselves and are the best evidence of what is contained therein. Except as expressly admitted, denied.

7. The allegations contained in Paragraph 7 are denied.

8. The allegations contained in Paragraph 8 are denied.

**BACKGROUND**

9. It is admitted that the allegations in Paragraph 9 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

10. It is admitted that the allegations in Paragraph 10 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

11. It is admitted that the allegations in Paragraph 11 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

12. It is admitted that the allegations in Paragraph 12 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

13. It is admitted that the allegations in Paragraph 13 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

14. It is admitted that the allegations in Paragraph 14 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

15. It is admitted that the allegations in Paragraph 15 reference a written statute that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

## FACTUAL ALLEGATIONS

16. Denied due to lack of knowledge or information.

17. Denied.

18. Denied due to lack of knowledge or information.

19. Denied due to lack of knowledge or information.

20. Denied due to lack of knowledge or information.

21. Denied due to lack of knowledge or information.

22. Denied due to lack of knowledge or information.

23. Denied due to lack of knowledge or information.

24. It is admitted that Plaintiff Hewett consented to receiving text messages and telephone calls from Defendant, but Plaintiff Hewett decided upon information and belief not to use Defendant's services. Except as expressly admitted, denied.

25. It is admitted that Plaintiff Hewett consented to receive text messages from or on behalf of the Defendant, which are written documents that speak for themselves and are the best evidence of what is contained therein. Except as expressly admitted, denied.

26. It is admitted that Plaintiff Hewett consented to receive text messages from or on behalf of the Defendant, which are written documents that speak for themselves and are the best

evidence of what is contained therein. Except as expressly admitted, denied.

27. It is admitted that Plaintiff Hewett consented to receive text messages from or on behalf of the Defendant, which are written documents that speak for themselves and are the best evidence of what is contained therein. Except as expressly admitted, denied.

28. It is admitted that the allegations appear to reference a written document that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

29. Denied due to lack of knowledge or information.

30. It is admitted that the allegations appear to reference a written document that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

31. It is admitted that the allegations appear to reference a written document that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

32. It is admitted that the allegations appear to reference a written document that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

33. It is admitted that the allegations appear to reference a written document that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, denied.

34. Denied as alleged.

35. It is admitted that the allegations appear to reference written documents or communications that speak for themselves and are the best evidence of what is contained therein.

Except as expressly admitted, denied.

36. It is admitted that the allegations of Paragraph 36 appear to reference a written court opinion that speaks for itself and is the best evidence of what is contained therein. Except as expressly admitted, the allegations are denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

## [PURPORTED] CLASS ACTION ALLEGATIONS

42. The Defendant re-alleges and incorporates its responses to all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied, including all parts and subparts thereto.

48. Denied.

49. Denied, including all parts and subparts thereto.

## COUNT I
### [Purported] Violations of the TCPA, 47 U.S.C. §227
### (On Behalf of Plaintiff and the National DNC Class)

50. The Defendant re-alleges and incorporates its responses to all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

51. Denied as alleged.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

## COUNT II
## [ Purported] Violations of NCTSA, of N.C. GEN STAT. §75-101
### (On Behalf of Plaintiff and the NCTSA Class)

56. The Defendant re-alleges and incorporates its responses to all other paragraphs of Plaintiff's Complaint as if fully set forth herein.

57. Denied.

58. Denied.

59. Denied.

The Defendant denies each and every paragraph contained within Plaintiff's Complaint that is not expressly admitted herein.

A denial to any numerical paragraph herein shall be considered and is a denial to any and all parts and subparts thereof.

## **FIRST AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over the Defendant, Innovative Tax Relief LLC, and Defendant raises lack of personal jurisdiction as a defense pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff sustained no cognizable injury or damage.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, due to lack of standing.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any "safe harbor" provision applies, including without limitation 47 C.F.R. § 64.1200(c) or N.C. Gen. Stat. §§ 75-103 or 75-105(c).

### SIXTH AFFIRMATIVE DEFENSE

The Defendant raises its compliance with all applicable laws as a complete defense to this action.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant raises express written consent as a complete defense to this action.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant raises it reasonable measures, practices, and procedures to prevent violations of and to ensure compliance with applicable law as a defense to the claims asserted.

### NINTH AFFIRMATIVE DEFENSE

The Defendant raises its good faith as a defense to the claims asserted.

### TENTH AFFIRMATIVE DEFENSE

The Defendant raises preemption as a defense to any state law claims.

### ELEVENTH AFFIRMATIVE DEFENSE

If it is determined that Plaintiff or any of the putative class members did not suffer any

damages or losses, or that the alleged damages and losses were not proximately caused by the alleged actions or inactions of the Answering Defendant, then the claims should be dismissed.

**TWELFTH AFFIRMATIVE DEFENSE**

If it is established that Plaintiff or any of the putative class members cannot satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure or other applicable law, or that Plaintiff's claims are not typical of the claims of the members of the putative class, or that Plaintiff cannot fairly and adequately represent and protect the interests of the members of the putative class, or that there are no common questions of law or fact, or that the class is not so numerous as to make it impractical to bring them all before the court individually or through joinder of parties, or that adequate notice was not given, or that any other ground exists for denying class certification, then class certification should be denied.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The failure to mitigate any alleged damages is pled as a bar to his recovery in this matter.

**FOURTEENTH AFFIRMATIVE DEFENSE**

All applicable statutes of limitations and repose are pled as a bar to any recovery in this matter.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The Defendant raises all applicable equitable defenses, including waiver, laches, and estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff or other punitive class members were negligent, grossly negligent, willful, wanton and/or reckless, resulting in damages allegedly sustained, they come to the Court with unclean hands and such inequitable conduct on the part of Plaintiffs constitutes a bar and

complete defense to any claim for equitable relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Defendant expressly reserves and raises any and all other affirmative defenses that may be available as shown or that become apparent during the course of discovery.

WHEREFORE, this answering Defendant respectfully prays that the Court order as follows:

1. That the Complaint of the Plaintiff be dismissed;

2. That, in the alternative, the Plaintiff have and recover nothing of this answering Defendant by way of this action;

3. That all issues of fact be tried by a jury;

4. That the cost of this action, including this answering Defendant's reasonable attorneys' fees, be taxed against the Plaintiff; and;

5. That this answering Defendant have and recover any other and further relief that the Court may deem just and proper.

This the 7th day of August, 2025.

/s/Luke A. Dalton
LUKE ANDREW DALTON
Bar No: 41188
Attorney for Innovative Tax Relief LLC
McAngus Goudelock & Courie, PLLC
4130 Parklake Avenue, Suite 550
Raleigh, North Carolina 27612
Mailing Address: Post Office Box 30516
Raleigh, North Carolina 27622
(919) 719-8200
luke.dalton@mgclaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 7, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will serve notification of such filing on registered users, including the following:

>Email: ryan@ryanduffy.com
>Ryan P. Duffy
>The Law Office of Ryan Duffy, PLLC
>1213 W. Morehead Street
>Suite 500, Unit #450
>Charlotte, North Carolina 28208
>Attorney for Jason Hewett

>Email: anthony@paronichlaw.com
>Anthony I. Paronich
>Paronich Law, P.C.
>350 Lincoln Street, Suite 2400
>Hingham, Massachusetts 02043
>Attorney for Jason Hewett

This the 7th day of August, 2025.

>/s/Luke A. Dalton
>LUKE ANDREW DALTON