UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
Civil Case No. 7:25-cv-01185-FL

| | |
|---|---|
| JASON HEWETT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>INNOVATIVE TAX RELIEF LLC<br><br>Defendant. | **CERTIFICATION AND REPORT OF RULE 26(f) CONFERENCE AND DISCOVERY PLAN** |

**A. Discussion of the nature and complexity of the case. This shall be presented in the form of a brief statement which contains information from all parties and presents their respective positions including:**

1. **The asserted basis for the court's subject matter jurisdiction;**

   Plaintiff contends that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 (TCPA), that supplemental jurisdiction exists for Plaintiff's state law claims under 28 U.S.C. § 1367, and that venue is proper under 28 U.S.C. § 1391(b)(2).

2. **The most important or key factual issues and legal issues that are believed to be involved in the case;**

   Plaintiff's key issues include: (a) whether Defendant Innovative Tax Relief LLC placed multiple telemarketing calls and text messages to Plaintiff and class members while their numbers were registered on the National Do Not Call Registry; (b) whether Defendant obtained valid consent prior to sending the messages; (c) whether the conduct violated the TCPA and the North Carolina Telephone Solicitations Act

(NCTSA); (d) whether violations were "willful or knowing" for treble damages; and (e) whether class certification is appropriate.

Defendant's issues include: (a) the lack of personal jurisdiction over Defendant Innovative Tax Relief, LLC for plaintiff's proposed class; (b) Plaintiff Hewett's express written consent, including IP addresses used by Hewett; (c) the elements to the causes of action asserted in Plaintiff's Complaint; (d) the affirmative defenses raised in Defendant's answer; (e) whether Plaintiff's state law claims are preempted; (f) Plaintiff's purported damages or lack thereof; (g) Plaintiff's lack of standing; and (h) Plaintiff's inability to satisfy the requirements for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure or other applicable law.

3. **A breakdown of damages sought.**

    Plaintiff seeks statutory damages of $500 per violation, treble damages of up to $1,500 per violation under the TCPA for willful or knowing violations, statutory damages under the NCTSA of $500 (first violation), $1,000 (second violation), and $5,000 (third and subsequent violations), as well as injunctive relief and attorneys fees.

Plaintiff seeks to certify the following classes:

- National DNC Class: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
- NCTSA Class: All persons within North Carolina whose (1) North Carolina area code telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received a telemarketing call or text message from or on behalf of Defendant encouraging the purchase of Defendant's goods or services, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

The Defendant contends that class certification is inappropriate in this action. Further, Defendant contends that the Court lacks personal jurisdiction over Defendant, including, without limitation, in regards to punitive class members in Plaintiff's purported "National DNC Class" and non-North Carolina resident punitive class members. Defendant further seeks costs and reasonable attorney's fees available under applicable law.

B. **Specific information concerning the parties' plan for proposed discovery, including:**

1. **The subjects on which discovery may be needed;**

Plaintiff seeks discovery on the following subjects: (1) Defendant's and/or third-party call data regarding Plaintiff and the class; (2) identification of class members; (3) Defendant's policies and procedures regarding compliance with the TCPA; (4) Defendant's affirmative defenses, such as any consent to make the calls at issue; (5) Defendant's negligence or willfulness regarding any TCPA violations; (6) Defendant's document retention policies; (7) identification of witnesses; and (8) Defendant's relationship with any third parties that may have relevant information surrounding this matter.

Defendant seeks discovery regarding the following subjects: (1) Plaintiff Hewett's express written consent to telephone and SMS messaging, including, without limitation, (a) the electronic devices, cellular phone services and usage, and internet services utilized by Plaintiff and his family members, (b) Plaintiff's browsing data, network data, and IP address data from all electronic devices Plaintiff utilized within 45 days of 2 April 2025, (c) the identify of each individual who utilized Plaintiff's electronic devices within 45 days of 2 April 2025, (d) forensic

analysis of Plaintiff's electronic devices and cellular telephone utilized within 45 days of 2 April 2025; (2) Plaintiff's claims asserted in the Complaint; and (3) the affirmative defenses in Defendant's Answer.

2. **Whether discovery shall be conducted in phases and/or limited to or focused upon particular issues;**

   The Defendant respectfully requests that discovery be conducted in phases. Defendant requests that the first phase of discovery be limited to Plaintiff Hewett's express written consent, and Plaintiff's Hewett's individual claims and alleged damages. Defendant previously provided copies of Plaintiff Hewett's express written consent to the text messages and communications at issue in the Complaint. Defendant requests that further discovery only be allowed if the court denies Defendant's Motion for Summary Judgment on Plaintiff Hewett's individual claims and certifies a class.

3. **The categories of discovery to be utilized by the parties, and proposed limitations. Where any proposed limitation is different from that imposed by the Federal Rules of Civil Procedure and/or the court's Local Rules, specific reason therefor shall be set forth;**

   - Interrogatories: capped at 30 per side.
   - Requests for Admission: capped at 75 per party.
   - Party depositions: limited to 7 hours on record in a single day.
   - Non-party fact (non-expert) depositions: limited to 10 per side, 6 hours on record each.

- Requests for Production: per Federal Rules: No variations from the Federal Rules or Local Rules are presently sought.

4. **Whether there are any issues relating to disclosure or discovery of electronically stored information, including issues as to the form(s) in which such information shall be produced;**

    Plaintiff anticipate ESI discovery regarding dialer logs, text messaging data, and associated compliance documents. Data will be produced in native format (CSV/Excel for calling records, and PDF for documents).

    Defendant anticipates ESI discovery, including, without limitation regarding Plaintiff's cellular phone service and usage, electronic devices, and internet services utilized by Plaintiff and his family members, Plaintiff's browsing data, network data, and IP address data from all electronic devices Plaintiff utilized within 45 days of 2 April 2025, and forensic analysis of Plaintiff's electronic devices and cellular telephone. Defendant expects Plaintiff to preserve all electronic devices and other ESI, and to provide other data in native format with metadata. Defendant anticipates working with Plaintiff to submit a Joint ESI Protocol for consideration.

5. **Whether there are any issues relating to claims of privilege or protection as trial-preparation material. The parties shall specify whether they wish to obtain by consent a court order memorializing the parties' agreement regarding 1) inadvertent disclosures, pursuant to Fed. R. Evid. 502(d); or 2) privilege log protocols, such as automated logs, exemptions for**

**documents created after litigation commences, or criteria for expanded log entries. In the event the parties seek a court order regarding inadvertent disclosures or privilege logs, the parties shall propose consent order language in their joint report and plan.**

The parties will seek entry of a Fed. R. Evid. 502(d) order. They agree that privilege logs will not include post-complaint communications with litigation counsel and may be categorical in format. A protective order governing confidential materials will be submitted.

6. **When the need for a Rule 30(b)(6) deposition is known early in the case, the Rule 26(f) conference may provide an occasion for beginning discussion between the parties regarding the number and description of matters for examination and the identity of persons who will testify. At the same time, it may be productive to discuss other matters, such as having the serving party identify in advance of the deposition the documents it intends to use during the deposition, thereby facilitating deposition preparation. In appropriate cases, it may be helpful to include reference to Rule 30(b)(6) depositions in the discovery plan submitted to the court under Rule 26(f) and in the matters considered at a pretrial conference under Rule 16. The court encourages the parties to memorialize in Rule 26(f) report any agreements for purposes of streamlining Rule 30(b)(6) depositions.**

Plaintiff anticipates at least one Rule 30(b)(6) deposition of Defendant on policies, practices, and vendor relationships. The parties will confer on narrowing topics and identifying potential exhibits in advance to streamline the

examination.

**7. The date on which all discovery shall be concluded (not the last date of issuance; rather, this date sets the discovery bar date).**

All discovery shall be concluded by June 14, 2026.

**8. Whether any particular discovery problems are anticipated.**

None at this time.

**C. Proposed deadlines in addition to the deadline for discovery mentioned above, including for:**

**1. Disclosure of expert witness information where appropriate;**

- o   Plaintiff's expert disclosures: March 14, 2026

- o   Defendant's expert disclosures: April 14, 2026

- o   Expert discovery cutoff: May 15, 2026

**2. Joining additional parties;**

Deadline: November 21, 2025

**3. Amending pleadings; and**

Deadline: November 21, 2025

**4. Filing of all motions, including preliminary and dispositive ones (except motions in limine). The court shall be advised whether there are preliminary matter(s) which may require early disposition.**

Motions related to personal jurisdiction: October 15, 2025

Motion for Class Certification: June 14, 2026

Dispositive Motions: June 14, 2026

D. **The possibility of settlement and the parties' information concerning which ADR method (mediation, arbitration, summary trial, or other) is appropriate together with the proposed deadline for its completion. Local Civil Rule 101; see Rules 101.1, 101.2, 101.3 for alternative ADR procedures.**

The parties agree that private mediation would be appropriate and propose completing that by April 14, 2026.

E. **The parties' position on whether a magistrate judge may conduct all proceedings, including trial and entry of judgment, pursuant to 28 U.S.C. 636(c) (including entry of final judgment, with any appeal directly to the Fourth Circuit Court of Appeals), and Local Rule 73.1. Answer Yes or No only. Where there is assent, this agreement shall require that each party through respective counsel and any party appearing pro se MUST sign the report and plan, as this constitutes the parties' consent to referral of the case to a full-time magistrate judge.**

The parties do not consent.

F. **Whether either party requests that a Rule 16(b) FED. R. CIV. P., pretrial conference be scheduled in the case, prior to entry by the court of its case management order.**

At this time, no party requests a Rule 16(b) conference.

G. **Any scheduling issue affecting counsel or a party. This report affords the opportunity to announce compelling personal or professional considerations, as well as general scheduling issues that may bear upon the scheduling of a trial in this matter.**

No such issues are presently known.

**Dated:** September 16, 2025

/s/ *Ryan Duffy*
Ryan Duffy
The Law Office of Ryan P. Duffy, PLLC
1213 W. Morehead Street
Suit 500, Unit #450
Charlotte, North Carolina 28208
ryan@ryanpduffy.com
Telephone: (704) 741-9399
Attorney for Plaintiff

/s/ *Anthony I. Paronich*
Anthony I Paronich, Esquire
**PARONICH LAW, P.C.**
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
Fax: (508) 318-8100
anthony@paronichlaw.com
*LR 83.1(e) Special Appearance Counsel for Plaintiff*


MCANGUS GOUDELOCK & COURIE, PLLC

/s/*Luke A. Dalton*
LUKE ANDREW DALTON
Bar No: 41188
Attorney for Innovative Tax Relief LLC
McAngus Goudelock & Courie, PLLC
4130 Parklake Avenue, Suite 550
Raleigh, North Carolina 27612
**Mailing Address:** Post Office Box 30516
Raleigh, NC 27622
(919) 719-8200
luke.dalton@mgclaw.com